United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Patrick Zamor, Petitioner )<br>)<br>v. )<br>)<br>United States of America, Respondent ) | Civil Action No. 19-23154-Civ-Scola |

## Order Adopting Magistrate Judge's Report and Recommendation

This case was referred to the United States Magistrate Judge for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 2.) On October 28, 2019, Judge Lisette M. Reid issued a report, recommending that Petitioner Patrick Zamor's motion to vacate under 28 U.S.C. § 2255 be dismissed without prejudice. (Rep. of Magistrate J., ECF No. 23.) Although he is represented by court-appointed counsel, Zamor has filed, pro se, two notices, maintaining he is actually innocent of the crime he pleaded guilty to. (ECF Nos. 24, 26.) In addition, Zamor's counsel has filed objections to Judge Reid's report, urging the Court to set a hearing to inquire into whether Zamor has waived his attorney-client privilege with prior counsel. (ECF No. 25.) The Government has also responded to both Zamor's pro se filings as well as his counsel's objections. (Gov't Resp., ECF No. 27.)

The Court has considered—de novo—Judge Reid's report, Zamor's pro se filings, objections filed by counsel, the record, and the relevant legal authorities. After careful review, the Court agrees with Judge Reid's report and recommendation that Zamor's petition should be dismissed without prejudice.

Zamor initiated this case by filing what he captioned a "Criminal Complaint" against his Criminal Justice Act appointed attorney, Marshall Dore Louis. (ECF No. 1.) Attached to the front of this "complaint," are three pages from a form § 2255 motion, along with an unexecuted affidavit. Because Zamor alleged that his trial lawyer failed to file a notice of appeal of his criminal conviction, procured by a guilty plea, Judge Reid appointed counsel—Omar F. Guerra Johansson—and scheduled an evidentiary hearing. (ECF No. 4.) At the same time, Judge Reid ordered Zamor to file a formal waiver of the attorney-client privilege. Zamor, on multiple occasions, refused to sign the waiver despite Johansson's encouraging him to do so. Further, Zamor also filed a pro se notice, advising the Court that his complaint against Louis should not have

been converted into a § 2255 petition.[1] Because Zamor objects to the Court's construing his filing as § 2255 petition and because Zamor refused to comply with Judge Reid's order that he formally waive his attorney-client privilege, Judge Reid recommends dismissal of Zamor's case, albeit without prejudice.

The Court agrees with Judge Reid that both issues are valid bases supporting dismissal. Since Zamor objects to the characterization of his filing as a § 2255 petition, the Court finds dismissal warranted. Alternatively, dismissal would also be appropriate based on Zamor's failure to comply with Judge Reid's orders. In either case, the dismissal is without prejudice.

The Court thus **affirms and adopts** Judge Reid's report and recommendation (**ECF No. 23**). The Court **dismisses** Zamor's case, **without prejudice**. The Court does not issue a certificate of appealability. The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

Lastly, Zamor is represented by court-appointed counsel in this case. As a result, and as Zamor has been cautioned previously, he is not entitled to submit pro se filings while he is represented by counsel. Unless the Court allows counsel to withdraw, any further filings submitted by Zamor pro se will be **struck from the record** and **not considered by the Court**.

**Done and ordered** at Miami, Florida, on November 18, 2019.

Robert N. Scola, Jr.
United States District Judge

---

[1] This is the second case initiated by Zamor in which the Court construed his filing as a § 2255 petition. In Case No. 19-20281-CV-Scola, Zamor's pro se motion seeking post-conviction relief was treated as a § 2255 petition. When Zamor objected to that treatment, the Court, at Zamor's urging, dismissed his case without prejudice.